# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA  DIVISION

WENDY WILSON,

        Plaintiff,

v.

GENTIVA HEALTH SERVICES, INC.,

        Defendant.

Case No. _____

## COMPLAINT

NOW COMES Plaintiff Wendy Wilson ("Plaintiff"), by and through counsel, complaining of Defendant Gentiva Health Services, Inc., ("Defendant Gentiva"), and allege and say:

1.    This case arises out of Defendant Gentiva's systemic, company-wide unlawful treatment of employees including the Plaintiff that Defendant Gentiva wrongfully classified as exempt from overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*.

2.    In order for an employee to be exempt from the FLSA overtime compensation requirements, Defendant Gentiva must establish both that the employee performs duties which meet one of the exempt categories, and also that

1977534.1

the employee is compensated on either a salaried basis or on a fee basis.  Plaintiff

is compensated by Defendant Gentiva under a scheme which does not comport

with either the salaried basis or the fee basis requirements.  Therefore it is

improper to treat Plaintiff as exempt from overtime requirements of the FLSA.

3.     Defendant Gentiva has maintained a corporate policy of paying its

Registered Nurses (as well as other visiting health care providers, such as Physical

Therapists and Occupational Therapists) pursuant to an unlawful compensation

plan which purports to pay on a "per visit" basis for some work, but which bases

those visit payments on estimates of hours worked, and which does not include

unique payments, separately considered for each job, as contemplated by the fee

basis regulations.  Moreover, Gentiva compensated Plaintiff based on hours

worked for regularly assigned work such as case conferences, staff meetings,

training time, and orientation time.  Gentiva referred to this system as "pay per

visit" or "PPV."

4.     Defendant Gentiva maintains a record of the actual time Plaintiff

spent with patients completing visits.  Further, Defendant Gentiva also maintains a

record of Plaintiff's hours worked in certain non-visit activities that are

compensated based on hours worked.  However, Gentiva did not maintain a record

of all hours worked, and did not compensate Plaintiff for all hours worked.  In

2

1977534.1

particular, Plaintiff was required to complete patient-related work, including completing documentation related to the visit, coordinating care, making related telephone calls, picking up supplies and dropping off lab work, which was not regularly, completely recorded.

5.     Gentiva regularly assigned Plaintiff sufficient visits that in order to complete all required work, Plaintiff worked more than 40 hours per workweek.

6.     Based upon Defendant Gentiva's corporate policy regarding compensation practices, it misclassified Plaintiff as an exempt employee.

7.     Gentiva's PPV compensation system was the subject of litigation in *Rindfleisch et al. v. Gentiva Health Services, Inc.*, No. 10-3288-SCJ (N.D. Ga.). Plaintiff timely opted in to that action.  Plaintiff was a member of a collective action that litigated the legality of the PPV compensation system.  The Court ruled that the PPV system violated the FLSA because it was not a valid fee basis method of payment, thus plaintiffs in that action were not properly classified as exempt from the FLSA's overtime requirements.  *Rindfleisch v. Gentiva Health Servs., Inc.*, 962 F. Supp. 2d 1310, 1323 (N.D. Ga. 2013) motion to certify appeal denied, 1:10-CV-03288-SCJ, 2013 WL 8541675 (N.D. Ga. Nov. 4, 2013).  However, the Court subsequently decertified the collective action because of variation in the unpaid hours worked by each individual.  *Rindfleisch v. Gentiva Health Servs.,*

3

*Inc.*, 1:10-CV-03288-SCJ, 2014 WL 2002834 (N.D. Ga. Apr. 18, 2014). On the date that Plaintiffs' dismissal from *Rindfleisch* was effective, Plaintiff filed a new complaint, as one of many plaintiffs included in *Bailey et al. v. Gentiva Health Servs., Inc.*, 14-CV-01892. Plaintiffs relied on Rule 20 joinder in filing one complaint addressing their individual claims. However, on March 4, 2015, the district court dismissed Plaintiff without prejudice from the *Bailey* action on grounds of misjoinder.

8.      Accordingly, Defendant Gentiva is liable for its failure to pay the Plaintiff for all hours worked and time and one-half for hours in excess of forty (40) at their regular rate.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant Gentiva resides in this judicial district in that it has designated its principal executive offices at a location in this district, and it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

1977534.1

## PARTIES

11.     At all relevant times, Plaintiff Wendy Wilson was a citizen and resident of South Carolina.

12.     At all relevant times, Plaintiff was employed by Defendant Gentiva as a registered nurse and was an employee within the meaning of 29 U.S.C. § 203(e)(1).

13.     Plaintiff previously timely opted-in to the case of *Rindfleisch v. Gentiva Health Services, Inc.*, and their statute of limitations was tolled during the time period between filing their opt-in, and dismissal from the case when the collective action was decertified.  Plaintiff also previously filed an individual action on the date dismissal from *Rindfleisch* was effective, and the statute of limitations was tolled until dismissal from that action *(Bailey)*.

14.     At all relevant times, Defendant Gentiva has been a Delaware corporation, with offices in Georgia, conducting substantial business in the state of Georgia, and having designated its principal executive offices as being located in Georgia.

15.     At all relevant times, Defendant Gentiva has operated a home health care business providing home health care services to patients in 39 states.

1977534.1

16.     At all relevant times, Defendant Gentiva was an employer within the meaning of 29 U.S.C. § 203(d).

17.     At all relevant times, Defendant Gentiva was an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

18.     At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

19.     Plaintiff Wendy Wilson worked for Defendant Gentiva as a registered nurse in Columbia, SC from December 2008 to January 2010.  During the relevant time period, Gentiva compensated Plaintiff Wendy Wilson based on the challenged PPV system described above at ¶¶ 3-8.  Plaintiff Wendy Wilson was classified as an exempt employee and received no overtime wages.  Plaintiff Wendy Wilson performed work for the benefit of Gentiva for more than 40 hours per week on multiple occasions, although not all of those hours were recorded in Gentiva's system.  Defendant Gentiva did not compensate Plaintiff Wendy Wilson for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

## COUNT ONE

20.     Plaintiff incorporates by reference the allegations asserted above.

21.     Defendant Gentiva willfully violated the FLSA by misclassifying Plaintiff as an exempt employee, and a 3-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

22.     At all relevant times, Defendant Gentiva has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

23.     At all relevant times, Defendant Gentiva has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

24.     At all relevant times, Defendant Gentiva has had gross operating revenues in excess of $500,000.

25.     Defendant Gentiva has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiff as an "exempt" employee, and thereby failing and refusing to pay them the hourly wage compensation as required by law and in accordance with § 206 and § 207 of the FLSA.

1977534.1

26.     Plaintiff is not employed in a *bona fide* executive, administrative, or a professional capacity pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations.

27.     Plaintiff is not subject to any other exemptions set forth in the FLSA or administrative regulations.

28.     As a result of Defendant Gentiva's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

29.     Defendant Gentiva has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

30.     As a result of Defendant Gentiva's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interests, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## **COUNT TWO**

31.     Plaintiff incorporates by reference the allegations asserted above.

32.     Defendant Gentiva willfully violated the FLSA by not compensating Plaintiff at overtime rates for all hours worked in excess of 40 hours per

1977534.1

workweek, and a 3-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

33.     At all relevant times, Defendant Gentiva has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

34.     At all relevant times, Defendant Gentiva has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

35.     At all relevant times, Defendant Gentiva has had gross operating revenues in excess of $500,000.

36.     Plaintiff is not employed in a *bona fide* executive, administrative, or a professional capacity pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations.

37.     Plaintiff is not subject to any other exemptions set forth in the FLSA or administrative regulations.

38.     As a result of Defendant Gentiva's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

1977534.1

39.    Defendant Gentiva has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

40.    As a result of Defendant Gentiva's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interests, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

41.    Awards Plaintiff actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff as provided by the FLSA;

42.    Awards Plaintiff pre- and post-judgment interest at the statutory rate as provided by the FLSA;

43.    Awards Plaintiff attorneys' fees, costs, and disbursements as provided by the FLSA; and

44.    Awards Plaintiff further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

1977534.1

June 2, 2015                          Respectfully submitted,

                                     By:*/s/ Amanda A. Farahany*
                                     AMANDA A. FARAHANY

                                     **BARRETT & FARAHANY, LLP**
                                     Amanda A. Farahany, GA Bar No. 646135
                                     1100 Peachtree Street, NE
                                     Suite 500
                                     Atlanta, GA 30309
                                     404-214-0120
                                     amanda@bf-llp.com

                                     **COHEN MILSTEIN SELLERS &
                                     TOLL PLLC**
                                     Christine E. Webber
                                     1100 New York Avenue, N.W.
                                     Suite 500, West Tower
                                     Washington, DC  20005
                                     (202) 408-4600
                                     cwebber@cohenmilstein.com

                                     ***Counsel for Plaintiff***

1977534.1

**Font Certification**

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

1977534.1